IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**WILLIAM EDWARD HOLSTEIN,**

    **Plaintiff,**

v.                                                                            Case No.: 2:21-cv-00549

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social**
**Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The case is presently before the Court on the Commissioner's Motion for Remand. (ECF No. 8). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF No. 9). The Court has fully considered the Motion for Remand and **GRANTS** same. Accordingly, the Court finds that the decision of the Commissioner should be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of Plaintiff's application as stated herein.

Plaintiff, William Edward Holstein, ("Claimant"), completed an application for DIB on November 28, 2016, alleging a disability onset date of May 15, 2016, (Tr. at 388-89). The Social Security Administration ("SSA") denied the application initially

and upon reconsideration. (Tr. at 107). Claimant filed a request for a hearing, which was held on November 1, 2018 before the Honorable M. Drew Crislip, Administrative Law Judge ("ALJ"). (Tr. at 57-87). By written decision dated January 16, 2019, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 104-21). On January 2, 2020, the Appeals Council remanded the case to the ALJ for further consideration. (Tr. at 129-39). The ALJ conducted a second hearing on March 10, 2021 and again determined that Claimant was not entitled to benefits. (Tr. at 9-56). The ALJ's decision became the final decision of the Commissioner on August 11, 2021, when the Appeals Council denied Claimant's request for review. (Tr. at 1-6).

On October 6, 2021, Claimant timely filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The Commissioner filed an Answer and a Transcript of the Proceedings on December 9, 2021. (ECF Nos. 5, 6). Claimant filed a Brief in Support of Judgment on the Pleadings on January 10, 2022. (ECF No. 7). Prior to filing her brief, on February 7, 2022, the Commissioner filed an uncontested motion for remand, indicating that the ALJ's decision denying benefits merited further evaluation. (ECF No. 8). According to the Commissioner, Claimant concurred that reassessment would be beneficial.

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the Commissioner of Social Security for further consideration at different stages of the judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there

2

is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W. Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand essentially "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation," and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v. Hudson,* 490 U.S. 877, 892 (1989).

Given that the Commissioner explicitly asks for a sentence four remand,[1] the Court **REVERSES** the final decision of the Commissioner; **GRANTS** the motion to remand, (ECF No. 14); **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be

---

[1] Furthermore, this case does not present either of the factual scenarios that would typically support a sentence six remand. The Commissioner's motion was not made until *after* the answer was filed, and neither party has, at this time, offered new evidence that was not previously made a part of the record.

3

entered accordingly.

The Clerk of this Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** February 8, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge

4